## THE KINGHORN.

(Circuit Court of Appeals, Second Circuit. March 17, 1924.)

No. 279.

1. **Master and servant** ⬅=185(18)—**Master stevedore held liable to working stevedore, injured by negligent arrangement of tackle by fellow servants.**

   Where a stevedore, stowing cargo in the hold of a vessel, was injured when a cargo draft, due to an improper lead from the draft to the winch drum, which could have been remedied by the appliances at hand, came down with undue speed, *held* that, the tackle being under the control of stevedore's master, it was liable for failing to furnish a reasonably safe place to work, regardless of whether a superintendent or fellow servant arranged the tackle.

2. **Master and servant** ⬅=103(1)—**Master's duty nondelegable.**

   The duty of a master to furnish safe appliances and a safe place to work cannot be delegated.

Appeal from the District Court of the United States for the Eastern District of New York.

Libel in admiralty by Frank Sleemas against the steamship Kinghorn (claimed by the Britannia Steamship Company) and the Northern Dock Company. From a decree adjudging said Dock Company solely liable for injuries to libelant, it appeals. Affirmed.

Pettigrew, Glenney & Bovard, of New York City (Walter L. Glenney, of New York City, of counsel), for appellant.

James A. Hatch, of New York City (M. L. Fearey and S. C. Coleman, both of New York City, of counsel), for claimant.

Harry S. Austin, of New York City (George F. Hickey, of New York City, of counsel), for appellee Sleemas.

Burlingham, Veeder, Masten & Fearey, of New York City (Morton L. Fearey, and Samuel C. Coleman, both of New York City, of counsel), for the Kinghorn.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. Libelant was an employee of the Northern Dock Company, the master stevedore employed to stow cargo on the Kinghorn. As a working stevedore he was in the vessel's hold, when a cargo draft came down with undue speed and inflicted the injuries for which he sued.

[1] The reason why the draft came down so rapidly was that the man at the winch could not properly regulate the speed of descent, and the reason why he could not was that there was an improper lead from the draft to the winch drum, which could have been remedied by using appliances at hand, and which had already been employed at another winch. Libelant in the hold knew nothing of all this; he was helplessly ignorant, yet the arrangement or misarrangement of tackle rendered the place where he was working unsafe every time a draft came down.

Much time has been spent in arguing whether this error in management was due to an alter ego, or superintendent of the dock company, or to some person legally described as libelant's fellow servant. We

---

think the discussion unprofitable, being of opinion that the tackle as used,, all controlled and arranged by the master (the dock company), furnished to the servant (libelant) an unsafe place to work, and that such lack of safety was the proximate cause of his injury. No negligence is alleged against either libelant or the ship.

[2] The duty of a master "to use reasonable diligence to furnish his servants a safe place and safe instrumentalities for the accomplishment of the work to be done" is primary, and for any failure so to do "the master is answerable, not only for his own neglect, but for that of any servant to whom he may delegate it, and in respect thereof such servant, is a vice principal, without regard to the rank which, in other respects, he may hold in his master's service." Sowles v. Norcross, 195 Fed., 889, 115 C. C. A. 577. More shortly, "the duty to furnish safe appliances is the duty of the master, and is one that cannot be delegated." Simpson v. Atlantic, etc., Co., 191 App. Div. 844, 182 N. Y. Supp. 331, affirmed 232 N. Y. 533, 134 N. E. 560.

Consequently it makes no difference whether one man or another was the representative or alter ego of the master in arranging the tackle for stowing the Kinghorn's cargo; there was a resulting violation of the nondelegable duty of furnishing libelant a reasonably safe place to work, and that violation of duty caused libelant's injuries.

Decree holding Northern Dock Company solely at fault affirmed, with costs to both appellees.